FILED

**MOHAMAD YASSIN ALCHARIHI**
36811 45th Street East
Palmdale, California 93552
Phone:    818.915.2649
Email:    midan2020@yahoo.com

2018 JUL 13  PM 3: 33

Plaintiff in Pro Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br><br>Plaintiff, )<br><br>vs. )<br><br>ANCIENT MOSAIC, )<br><br>Defendant. ) | CASE NO.: 2:18-CV-04420<br><br>**NOTICE OF MOTION AND MOTION OF MOHAMAD YASSIN ALCHARIHI TO DISMISS THE VERIFIED COMPLAINT OF THE UNITED STATES GOVERNMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Mon Sep 10th 2018<br>Time: 10:00 AM<br>Courtroom: 5 A |

1

**NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT:** on ___, 2018 at _____, in Courtroom ___ of the above-entitled Court located at _____ Claimant MOHAMAD YASSIN ALCHARIHI, will move this Court for an Order to Dismiss the this matter pursuant to Federal Rules of Civil Procedure, 12(b)(6) and Federal Rules of Civil Procedure, Supplemental Rule G(8)(b)(i), dismissing Plaintiff United States of America's Verified Complaint for Forfeiture on the grounds that the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the records and files of this Court, any matters of which the Court may take judicial notice, and such further evidence and argument as may be presented at or before the hearing on this matter.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on _____.

Dated:  July 11, 2018         Respectfully,

_____
MOHAMAD YASSIN ALCHARIHI

Plaintiff, in Pro Per

2

NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI

## MEMORANDUM OF POINTS AND AUTHORITIES

When examined in light of the Supplemental Rule's requirements of "particularity" in "sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial" - "to establish, by a preponderance of the evidence, that the property is subject to forfeiture," it is clear that the Verified Complaint, fails.

This is a forfeiture action brought by the United States of America, in its delayed effort to seize what it terms an "Ancient Mosaic" which is more descriptively known as a 2000-Year-Old Roman Era Mosaic of Hercules.

The Plaintiff the United States Government makes this claim without due process to any potential claimant, and in particular MOHAMAD YASSIN ALCHARIHI, by its failure to timely file its Complaint pursuant to 18 U.S.C. § 981(a)(1)(A) and (C), despite numerous continuances.

Under civil forfeiture statutes, the government can only lawfully forfeit property if the government *specifically* traces the property to unlawful activity. The government may not rely on general or conclusory allegations of traceability.   Here, as evidenced by the Government's continued delays, it has manifestly failed to uncover any actual tracing of the proceeds of unlawful activity to the property seized.

The civil forfeiture *in rem* provides the government with a powerful tool to effectuate an immediate deprivation of property, pleading requirements under the Supplemental Rules are more stringent than the general pleading requirements found in the Federal Rules of Civil Procedure.

## I.     SUMMARY OF FACTS[1]

Claimant in these proceedings, MOHAMAD YASSIN ALCHARIHI is a resident of Palmdale, California.

---

[1]   *See*, MOHAMAD YASSIN ALCHARIHI's Verified Claim, concurrently filed herewith.

3

1  MOHAMAD YASSIN ALCHARIHI, is the sole individual owner of the
2  ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old Roman Era
3  Mosaic of Hercules - the 11th Trial of Hercules.

4  The ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old
5  Roman Era Mosaic of Hercules, was imported as trash and restored to value by the
6  Claimant, MOHAMAD YASSIN ALCHARIHI, spending over $40,000 for the
7  technique of restoration and preservation.

8  The ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old
9  Roman Era Mosaic of Hercules, popularly described in the antiquities industry as "The
10 Eleventh Labor of Hercules" is a famous Mosaic in the history of Greek mythology
11 that was damaged and in no condition to be displayed or shown to viewers as an item
12 in a museum or other display venue.

13 MOHAMAD YASSIN ALCHARIHI paid for the importation of the ANCIENT
14 MOSAIC, more descriptively known as a 2000-Year-Old Roman Era Mosaic of
15 Hercules.

16 MOHAMAD YASSIN ALCHARIHI has all necessary documentation of
17 ownership for the ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old
18 Roman Era Mosaic of Hercules.

19 The ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old
20 Roman Era Mosaic of Hercules, is a "Turkish Mosaic."

21 MOHAMAD YASSIN ALCHARIHI has an invoice for the purchase of the
22 ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old Roman Era
23 Mosaic of Hercules.

24 The invoice was written in Turkish and English and listed the business that sold
25 the ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old Roman Era
26 Mosaic of Hercules, to Claimant MOHAMAD YASSIN ALCHARIHI as "Ahmet
27 Bostanci" with an address in a province in Turkey.

28 The invoice included a statement: "We Hereby declare and Certify that the

4

NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI

contents covered by this receipt are all Turkish origin and has nothing to do whit [*sic*] Syria what so ever."

Additionally, MOHAMAD YASSIN ALCHARIHI has a copy of a Certificate of Origin reflecting Turkey as the country of origin of the ANCIENT MOSAIC, more descriptively known as a 2000-Year-Old Roman Era Mosaic of Hercules.

Further, no probable cause existed for the seizure of his property and such property was unlawfully seized.

## II.   LEGAL ANALYSIS

The Federal Rules of Civil Procedure Supplemental Rules and Asset Forfeiture Actions, provide the pleading standard for this action. Under Supplemental Rule E, which applies to an action *in rem,* "the complaint shall state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." (*Fed. R. Civ. P. Supp. R.* E(2)(a).)

Additionally, Supplemental Rule G requires that a complaint for civil forfeiture must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." (*Fed. R. Civ. P. Supp. R.* G(2)(f).)  More succinctly, that the Plaintiff will be able "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." (18 U.S.C. § 983(c)(1).)

### A.   PLAINTIFF – HAS A HEIGHTENED PLEADING STANDARD.

The Supplemental Rules impose a heightened rigorous standard whilst pleading its case at the initial stage. More than the pleading requirements of Federal Rules of Civil Procedure, Rule 8-a which bears a heightened particularity-in-pleading requirement. (*United States vs. All Assets Held at Bank Julius Baer & Co.,* 571 F. Supp. 2d 1, 16 (D.D.C. 2008) (*All Assets*) ("The Court agrees with Claimants that Rule G (and its predecessor Rule E(2)) creates a heightened burden for pleading on the

1 | plaintiff."); *United States vs. Daccarett,* 6 F.3d 37, 47 (2d Cir. 1993)
2 | (*Daccarett*) ("These standards [under the Supplemental Rules] are more stringent than
3 | the general pleading requirements set forth in the Federal Rules of Civil Procedure, an
4 | implicit accommodation to the drastic nature of the civil forfeiture remedy.") (internal
5 | citation omitted); *United States vs. Real Property Located at 2323 Charms Road,*
6 | *Milford Tp., Oakland,* 946 F.2d 437, 440-41 (6th Cir. 1991) (*Charms Road*).)

7 |     This heightened standard is "an implicit accommodation to the drastic nature of
8 | the civil forfeiture remedy." (*Daccarett* at 47; *All Assets* at 16 ("The additional burden
9 | of pleading requiring 'added specifics is thought appropriate because of the drastic
10 | nature of those remedies.)  This requirement acts as a buttress to the procedural due-
11 | process protections against improper use of these remedies.

12 |     The Verified Complaint fails to establish this contention, and must therefore be
13 | dismissed.

14 |     **B.**    **THE COMPLAINT FAILS THE PLAUSIBILITY STANDARD.**

15 |     The complaint must also conform to the Supreme Court's plausibility standard. It
16 | is no longer the case that "a complaint should not be dismissed for failure to state a
17 | claim unless it appears beyond doubt that the plaintiff can prove no set of facts in
18 | support of his claim which would entitle him to relief." (*Bell Atl. Corp. vs.*
19 | *Twombly,* 550 U.S. 544, 546 (2007) (*Twombly*) (quoting *Conley vs. Gibson,* 355 U.S.
20 | 41, 45-46 (1957) (*Conley*)). Rather, to survive a motion to dismiss, a complaint must
21 | allege "sufficient factual matter, accepted as true, to state a claim to relief that is
22 | plausible on its face." (*Ashcroft vs. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (*Iqbal*).)

23 |     To determine whether a complaint is sufficient, the court first identifies mere
24 | legal conclusions within the complaint and disregards them because they are "not
25 | entitled to be assumed true." (*Iqba* at 1949-51.) Second, the court is to take the
26 | remaining well-pleaded and non-conclusory factual allegations (the "nub" of the
27 | complaint) and determine whether those allegations, standing alone, suffice to state a
28 | plausible claim for relief. (*Iqbal*).)

**NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI**

Applying this approach, the Verified Complaint seeking forfeiture of the defendant *in rem* clearly fails to satisfy the legally required pleading standards. As discussed herein, the Verified Complaint contains mostly, and only, conclusory allegations that fail both notice requirements, due process, let alone the requirement of particularity in stating sufficiently detailed facts to support a reasonable belief that the Government will be able to meet its burden. Accordingly, the Complaint should be dismissed pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6).

The Verified Complaint fails to establish this contention, and must therefore be dismissed.

### C.    THE CIVIL ASSET FORFEITURE REFORM ACT ("CAFRA").

The Civil Asset Forfeiture Reform Act ("CAFRA") establishes strict deadlines relating to property seized by the government. Under CAFRA, the government has sixty days after seizing property to send written notice to interested parties. (18 U.S.C. § 983(a)(1)(A).)  A Claimant in this action, MOHAMAD YASSIN ALCHARIHI, thereafter has limited time to file an administrative claim requesting return of the property. (*Id.*, § 983(a)(2).) Once the government receives a timely claim, it must file a complaint for forfeiture against the property within 90 days. (*Id.*, 983(a)(3)(A).)

Here the facts a very clear, Claimant, MOHAMAD YASSIN ALCHARIHI timely filed an administrative claim, and the government chose not to file a judicial complaint within the 90-day deadline. The law is clear under these circumstances, that the "the court shall order the return of the conveyance to the owner and the forfeiture may not take place. The statute leaves no room for district court discretion... the only authority the district court retains over the conveyance is to order its return and prevent any forfeiture from taking place." (*U.S. vs. Indoor Cultivation Equipment from High Tech Indoor Garden Supply*, 55 F.3d 1311, 1317 (7th Cir. 1995).)

And yet, the Plaintiff, wrongfully retained the property, it now attempts to seize by way of these proceedings.  The Verified Complaint must therefore be dismissed.

### 1.    *The Verified Complaint Fails to Sufficiently State Factual*

7

### *Allegations to Satisfy the Forfeiture Statutes.*

Without particularized and precise allegations of specific conduct, the Complaint does not "state the circumstances from which the claim arises with such particularity that the defendant or claimant will be able, without moving for a more definite statement, to commence an investigation of the facts and to frame a responsive pleading." *Fed. R. Civ. P. Supp. R.* E(2)(a). Without more than this rote recital and vague, disconnected factual allegations.  The Complaint fails to state a plausible claim while it does not even allege the particular, specific, conduct applied to the statutory scheme that allegedly forms the basis for forfeiture. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (*Iqbal* at 1949.)

The Verified Complaint fails to establish this contention, and must therefore be dismissed.

### 2.    *Plaintiff, Cannot Meet the Minimum Standards*

Further, Plaintiff fails to establish every necessary element, including "knowledge."

Plaintiff would need to prove that Claimant had either knowledge that the transaction and his resulting actions were a form of unlawful activity, or that MOHAMAD YASSIN ALCHARIHI had the requisite *intent* to promote or carry on the specified unlawful activity. The Verified Complaint fails to state, with particularity, sufficiently detailed facts to support a reasonable belief that the Plaintiff will be able to establish, by a preponderance of the evidence, that the defendant *in rem* is criminally-derived property and that MOHAMAD YASSIN ALCHARIHI engaged (or attempted to engage) in the transaction with such *knowledge,* and that such transaction occurred in the United States.

Further, "[f]orfeiture statutes are strictly construed against the government," *United States vs. $191,910.00 in U.S. Currency,* 16 F.3d 1051, 1068 (9th Cir. 1994) (citing *United States vs. One 1936 Model Ford V-8 Deluxe Coach,* 307 U.S. 219, 226,

8

59 S. Ct. 861, 864 (1939), and courts are "reluctant to find that a statute allows forfeiture where a plausible interpretation of the statute would not allow it," *$191.910.00 in U.S. Currency,* 16 F.3d at 1068. Moreover, courts are "particularly wary of civil forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the procedural protections afforded criminal defendants." (," *$191.910.00 in U.S. Currency.*)

Plaintiff cannot trace the "Defendant" to unlawful activity. Courts have routinely invalidated government forfeitures where the government failed to satisfy its burden of tracing purported criminal proceeds to criminal conduct. (*United States vs. $506.231 in United States Currency,* 125 F.3d 442, 452 (7th Cir. 1997) ("The existence of any sum of money, standing alone, is not enough to establish probable cause to believe the money is forfeitable."); *United States vs. Contents of Four Bank Accounts,* 330 F. Supp. 2d 1299, 1304 (M.D. Ala. 2004) ("When the government seizes property under § 981, it must prove that the property is itself involved in, or is traceable to property involved in, a proscribed transaction."); *United States vs. Contents in Account No. 059-644190-69,* 253 F. Supp. 2d 789, 797 (D. Vt. 2003) ("A bald assertion that an additional [monetary amount] is directly traceable to LCCP [the owner of seized funds], without a more fulsome description of the transactions involved, cannot create probable cause that these funds are, in fact, traceable to LCCP."); *United States vs. All Funds Presently on Deposit or Attempted to Be Deposited in Any Accounts Maintained at American Express Bank,* 832 F. Supp. 542, 565 (E.D.N.Y. 1993) (denying forfeiture as to one claimant where the government's allegations failed to rise above "mere suspicion.").

The Verified Complaint fails to establish this contention, and must therefore be dismissed.

## D.   PLAINTIFF'S 19 U.S.C. § 1595a(c)(1)(A) CLAIM FAILS

In the Verified Complaint, the Plaintiff alludes to its longstanding investigation of ALCHARIHI engaged (or attempted to engage) in the transaction with such, without

NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI

1  any actual, factual proof.  In sum, the statement is nothing more than a legal opinion

2  and conclusions that gives little credence to establishing the necessary link to a claim

3  under § 1595a(c)(1)(A).  Those alleged investigations do not establish unlawful

4  importation in this matter – the statement is inflammatory and prejudicial, and has no

5  evidentiary basis.

6          The Verified Complaint must therefore be dismissed.

7

8  **III.    CONCLUSION**

9          Plaintiffs bare legal conclusions cast as factual allegations that MOHAMAD

10  YASSIN ALCHARIHI violated the law, must be set aside and cannot be as accepted as

11  true (*Iqbal* at 1949-51.)  This resulting in a Verified Complaint which is nothing but

12  vague allegations of ***alleged*** misconduct established through surreptitious and

13  unidentified witnesses with neither a nexus to the Mosaic or MOHAMAD YASSIN

14  ALCHARIHI.  Plaintiff fails to advance an adequate application to the statutory

15  scheme which allegedly forms the basis for forfeiture. To survive a motion to dismiss,

16  requires Plaintiff to advance "more than an unadorned, the defendant-unlawfully" did

17  harm."  (*Iqbal* at 1949.)

18          Caution in this case is warranted inasmuch as "Government confiscation of

19  private property is disfavored in our constitutional system." (*United States vs.*

20  *$191,910.00 in U.S. Currency,* 16 F.3d 1051, 1068 (9th Cir. 1994), *superseded on*

21  *other grounds* as stated in *United States vs. $80,010 in U.S. Currency,* 303 F.3d 1182,

22  1184 (9th Cir. 2002) ("CAFRA transferred the burden of proof from the claimant to the

23  government and required the government to establish forfeiture by a preponderance of

24  the evidence rather than by the lower probable cause standard."); *see also United*

25  *States vs. All Assets of Statewide Auto Parts, Inc.,* 971 F.2d 896, 905 (2d Cir.

26  1992) ("We continue to be enormously troubled by the government's increasing and

27  virtually unchecked use of the civil forfeiture statues and the disregard for due process

28  that is buried in those statutes."). Indeed, courts are "particularly wary of civil

**NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI**

forfeiture statutes, for they impose 'quasi-criminal' penalties without affording property owners all of the procedural protections afforded criminal defendants." (*$191,910.00 in U.S. Currency,* 16 F.3d at 1068. Accordingly, courts are "reluctant to find that a statute allows forfeiture where a plausible interpretation of the statute would not allow it." (*191,910.00 in U.S. Currency* citing *United States vs. One 1936 Model Ford V-8 Deluxe Coach,* 307 U.S. 219, 226 (1939)); *see also United States vs. Marolf,* 173 F. 3d 1213 (9th Cir. 1999) ("[F]orfeitures should be enforced only when within both the letter and spirit of the law.").

Therefore, the Verified Complaint must be dismissed.

Dated:  July 11, 2018                    Respectfully,

_____
MOHAMAD YASSIN ALCHARIHI

Plaintiff, in Pro Per

**NOTICE OF MOTION AND MOTION TO DISMISS OF MOHAMAD YASSIN ALCHARIHI**

Subject:  Fwd: United States of America v. One Ancient Mosaic

From:  kcohanesq@gmail.com
To:  brwilliams3@gmail.com; lastresource1@aol.com; Dsrealty@yahoo.com
Date:  Friday, July 13, 2018, 9:32:47 AM PDT

Please add as an exhibit

---------- Forwarded message ---------
From: Schonbachler, Katie (USACAC) <Katie.Schonbachler@usdoj.gov>
Date: Fri, Jul 13, 2018, 9:30 AM
Subject: RE: United States of America v. One Ancient Mosaic
To: Kat Cohan <kcohanesq@gmail.com>
Cc: Williams, Mark (USACAC) <Mark.A.Williams@usdoj.gov>


Ms. Cohan:


As previously discussed, the government will not agree to release the mosaic to your client.


And as a reminder, since you did not obtain an extension of the deadlines to file a claim and answer, today remains the deadline to file a claim.

The government is still agreeable to your extension request, but it is required that the parties file a Stipulation which I provided you a draft of on June 19th and 25th.

The Stipulation would need to be filed today before the deadline expires. Please let me know *before Noon today* if you authorize my office to add your electronic /s/ signature to the Stipulation.


Best regards,


Katie Schonbachler

Assistant United States Attorney

U.S. Attorney's Office

312 North Spring Street

Los Angeles, CA  90012

Tel: 213-894-3172

Fax: 213-894-7177




From: Kat Cohan <kcohanesq@gmail.com>
Sent: Friday, July 13, 2018 9:07 AM
To: Schonbachler, Katie (USACAC) <kschonbachler@usa.doj.gov>
Cc: Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
Subject: Re: United States of America v. One Ancient Mosaic


MEET AND CONFERRING BEFORE DEFENDANT FILES HIS MOTIKN TO DISMISS



Dear Ms. Schonbachler,


After reviewing the complaint, my client and I believe that there's no basis for the forfeiture and respectfully request that plaintiff return his item to defendant and dismiss the case.

12

Please advise by July 13, 2018 by 2:00 PM if plaintiff will grant this request.

Thank you,

Katherine Cohan,

Attorney for Def. Limited scope

On Mon, Jul 9, 2018, 11:35 AM Schonbachler, Katie (USACAC) <Katie.Schonbachler@usdoj.gov> wrote:

Yes.

**From:** Kat Cohan <kcohanesq@gmail.com>
**Sent:** Monday, July 09, 2018 11:19 AM
**To:** Schonbachler, Katie (USACAC) <kschonbachler@usa.doj.gov>
**Cc:** Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
**Subject:** Re: United States of America v. One Ancient Mosaic

Thank you Katie. Can I let you know by Wednesday please?

On Mon, Jul 9, 2018, 11:15 AM Schonbachler, Katie (USACAC) <Katie.Schonbachler@usdoj.gov> wrote:

Good Morning Kat:

As you know, your client's deadline to file a claim is this week. You previously requested an extension of that deadline which the government agreed to, but in order for your client to get the extension, the parties must file a Stipulation with the Court before the deadline.

I sent you the draft Stipulation on June 19th and June 25th but have not heard back. If your client still would like an extension, you will need to email me the signature page of the Stipulation or you can also email me that you authorize my office to add your electronic signature for filing. Please let me know by tomorrow.

Thank you,

Katie Schonbachler

Assistant United States Attorney

U.S. Attorney's Office

312 North Spring Street

Los Angeles, CA  90012

Tel: 213-894-3172

Fax: 213-894-7177

*Exhibit*

13

**From:** Schonbachler, Katie (USACAC)
**Sent:** Monday, June 25, 2018 10:04 AM
**To:** 'Kat Cohan' <kcohanesq@gmail.com>
**Cc:** Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
**Subject:** RE: United States of America v. One Ancient Mosaic

Good Morning,

If the attached Stipulation meets your approval, please let me know if you authorize my office to add your electronic signature for filing.

Today I am also mailing you a copy of the notice letter with enclosures that the government sent to your client on June 8 before you notified us that you are his new attorney.

Thank you,

Katie

---

**From:** Schonbachler, Katie (USACAC)
**Sent:** Tuesday, June 19, 2018 3:15 PM
**To:** 'Kat Cohan' <kcohanesq@gmail.com>
**Cc:** Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
**Subject:** RE: United States of America v. One Ancient Mosaic

Good Afternoon,

Attached is the draft Stipulation.  If it meets your approval, please email me scanned signature for filing.

For Thursday, please come to 13th floor of the courthouse.

If you want us to review the documents you mentioned before the meeting, you can email to Mark and I tomorrow.

Best regards,

Katie

**From:** Kat Cohan <kcohanesq@gmail.com>
**Sent:** Tuesday, June 19, 2018 10:51 AM
**To:** Schonbachler, Katie (USACAC) <kschonbachler@usa.doj.gov>
**Cc:** Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
**Subject:** Re: United States of America v. One Ancient Mosaic

Please see below...

On Tue, Jun 19, 2018, 10:38 AM Schonbachler, Katie (USACAC) <Katie.Schonbachler@usdoj.gov> wrote:

> Katherine:
>
> It was nice speaking with you today.
>
> **Pleasure speaking with you as well.**
>
> Please send me your contact information for me to add to a Stipulation for the extension you requested: Your Full name, law firm name, address, etc.
>
> **Law Offices of Katherine Cohan, APLC 9454 WILSHIRE BLVD PENTHOUSE SUITES, BEVERLY HILLS, CA. 90212**

14

Per our telephone call today, feel free to email me the records you would like us to review and we are also agreeable to setting up a convenient time to meet with you and your client.  Would you two be available this Thursday at 2pm to meet at our office?

**YES !**

Our office is located at U.S. Federal Courthouse (which is also now shared with L.A. Superior Court) address is 312 North Spring Street

Los Angeles, CA  90012.  Corner of Spring and Temple.

**Is there a Dept or room number?**

Thank you.

**Thank you!  Katherine**

Katie

**From:** Kat Cohan <kcohanesq@gmail.com>
**Sent:** Monday, June 18, 2018 10:44 AM
**To:** Schonbachler, Katie (USACAC) <kschonbachler@usa.doj.gov>
**Cc:** Williams, Mark (USACAC) <MWilliams6@usa.doj.gov>
**Subject:** Re: United States of America v. One Ancient Mosaic

Good morning,

Yes, I am representing him on limited scope.  Please feel free to call me on my cell, 310-625-4002.

Katherine

On Mon, Jun 18, 2018, 9:48 AM Schonbachler, Katie (USACAC) <Katie.Schonbachler@usdoj.gov> wrote:

Good Morning:

I received a voicemail message from you last week indicating that you represent Mr. Alchairhi in the above referenced matter.

I'm looping in AUSA Mark Williams who is lead counsel in the ongoing criminal investigation.  We would be happy to set up a time to speak with you this week.

Can you kindly send us an email confirmation that you represent Mr. Alchairhi before we speak and then we can schedule a time for a call – possibly on Tuesday?

Best regards,

Katie Schonbachler

Assistant United States Attorney

U.S. Attorney's Office

312 North Spring Street

Los Angeles, CA  90012

Tel: 213-894-3172

Fax: 213-894-7177

15

7/13/2018, 11:34 AM