NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
MICHAEL R. SEW HOY (Cal. Bar No. 243391)
Assistant United States Attorney
Asset Forfeiture Section
  1400 United States Courthouse
  312 North Spring Street
  Los Angeles, California 90012
  Telephone: (213) 894-3314
  Facsimile: (213) 894-0142
  E-mail:    Michael.R.Sew.Hoy@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:18-CV-04420-JFW (SSx) |
| Plaintiff, | DECLARATION OF SPECIAL AGENT ELIZABETH RIVAS IN SUPPORT OF THE GOVERNMENT'S STATUS REPORT RE STAY |
| v. | |
| ONE ANCIENT MOSAIC, | [FILED UNDER SEAL PURSUANT TO ORDER OF THE COURT DATED FEBRUARY 14, 2020] |
| Defendant. | |
| MOHAMAD YASSIN ALCHARIHI, | |
| Claimant. | |

/ /

/ /

**DECLARATION OF SPECIAL AGENT ELIZABETH RIVAS**

I, Elizabeth Rivas, declare as follows:

1. I am a Special Agent ("SA") for the Federal Bureau of Investigation ("FBI") and have served in that capacity for more than twenty two years. I am currently assigned to the FBI Los Angeles Office, Organized Crime Squad. I am also a member of the Art Crime Team of the FBI. On the Art Crime Team, my current responsibilities involve the investigation of art theft, art fraud, and other criminal violations related to the theft of cultural artifacts and antiquities. I have attended classes and courses conducted by the FBI and other agencies regarding art and antiquities theft and smuggling. As a result of my training and experience, I am familiar with how individuals involved in the theft of art and antiquities operate and the patterns generally utilized by these individuals. I have become well-versed in the methodology utilized by individuals involved in the trafficking of stolen art and other stolen property.

2. On May 23, 2018, Plaintiff United States of America (the "government") filed a civil forfeiture action against the defendant One Ancient Mosaic (the "defendant mosaic"), alleging that the defendant mosaic is subject to forfeiture pursuant to 19 U.S.C. § 1595a(c)(1)(A). Thereafter, Claimant Mohamad Yassin Alcharihi (the "Claimant" or "Alcharihi"), filed a claim to the defendant mosaic and an answer to the complaint.

3. Claimant and others are currently being investigated for violations in the ongoing criminal investigation. The criminal investigation and the instant forfeiture proceedings arise out of the same general facts and will involve many of the same issues of fact and law.

4. The ongoing criminal investigation has been unique and time-consuming for a number of reasons. It has been extremely time consuming to review the voluminous data obtained from eleven digital devices and four email accounts associated with the Claimant and others that were searched pursuant to federal warrants. Many of the records were in a foreign language and therefore needed to be translated. Agents are

1  continuing to review and organize the voluminous evidence in the ongoing criminal
2  investigation.

3      5.    In addition to reviewing voluminous amounts of digital evidence, agents
4  also conducted additional investigation to identify and locate the individuals that
5  Claimant was communicating with both in the United States and abroad. Agents
6  conducted interviews of multiple witnesses in the United States. In early 2019, agents
7  communicated with authorities in another country about the process to interview a close
8  associate of Claimant who was involved in the purchase of the defendant mosaic and
9  resides in the foreign country. In March 2019, the request was submitted to the foreign
10 country's authorities to locate and interview the associate. This process took months and
11 was outside the control of the case agents. U.S. Attachés located in the foreign country
12 discussed the request with the foreign authorities. At the end of November 2019, the
13 foreign authorities responded that a formal request for assistance was required to conduct
14 the interview. A formal request is presently under review at the Department of Justice.

15     6.    In December 2019, agents submitted a request to authorities in a second
16 foreign country to locate and interview the individual from whom Claimant claims he
17 purchased the defendant mosaic. Because the individual resides in a foreign country,
18 this interview request must also be processed through the foreign country's authorities.
19 This process typically takes several months and is outside the control of the case agents.
20 The U.S. Attaché will advise the agents when the second foreign country's authorities
21 provide a response. In February 2020, agents began preparing an additional request to
22 authorities in the second country if a formal request for assistance is required to conduct
23 the interview. In the coming months, agents will continue work on this potential request.

24     7.    Also, due to the unique nature of the defendant mosaic, it has been difficult
25 to identify experienced and qualified experts to evaluate the defendant mosaic. Agents
26 have made progress in this area and met with an expert and appraiser. Agents also
27 identified a conservator and a geologist who examined the defendant mosaic and took
28

multiple samples of the mosaic for scientific testing.  The geologist and conservator completed their reports and provided them to the government.

8. On August 8, 2019, the government had a meeting with Claimant and the Claimant's counsel and the government extended a plea offer.  Claimant had thirty days to advise the government if the offer will be accepted. In early September 2019, Claimant's counsel advised the government that his client was not interested in the plea offer.

9. Civil discovery and the filing of a motion for summary judgment will most likely adversely affect the ability for the government to conduct the related criminal investigation because it will subject the government's criminal investigation to early civil discovery before an indictment is obtained and a criminal trial takes place.

10. In order for the government to present its evidence in support of a motion for summary judgment, the government would be required to submit testimonial declarations from law enforcement and other government witnesses, whose testimony are central to the ongoing criminal investigation, creating risks of jeopardizing the criminal investigation.

11. As noted in the civil forfeiture complaint, a number of witnesses and an expert were not identified by name to protect their identities while the criminal investigation is ongoing.  The government has also not requested the unsealing of the affidavit in support of the federal search and seizure warrant to protect the identities of witnesses and other sensitive information contained in the affidavit before an indictment is obtained and arrests are made.  Disclosure of the government's witnesses in the civil matter may also cause Claimant or others to intimidate the witnesses before they could testify in the criminal proceedings.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed in Los Angeles, California, on February 12, 2020.

_____
ELIZABETH RIVAS
Special Agent
Federal Bureau of Investigation